Filed 12/9/22 P. v. Clopp CA3
Opinion after vacating opinion filed on 9/28/22

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C095547 |
| v. | (Super. Ct. Nos. 21CR000650, 21CR002360) |
| DAVID EARL CLOPP, | |
| Defendant and Appellant. | |

Appointed counsel for defendant David Earl Clopp asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Our review of the record indicates that the sentencing minute order and abstract of judgment incorrectly included an order of direct victim restitution along with fines and assessments that were not orally imposed at sentencing.

We will remand for a limited resentencing and otherwise affirm the judgment.

I

Defendant kicked a woman's Honda Civic, causing damage to her car that prevented her from being able to open the car door. The cost to repair the damage was

1

over $1,900. The People charged defendant with felony vandalism (Pen. Code, § 594)[1] in case No. 21CR000650. Approximately six months later, defendant started a fire at the base of a tree. The People charged him with felony reckless burning (§ 452, subd. (c)) in case No. 21CR002360 and alleged he had a prior strike conviction (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) and a prior serious felony conviction (§ 667, subd. (a)(1)).

Defendant pleaded guilty to felony vandalism and recklessly burning property and admitted a prior strike conviction. He also admitted a violation of postrelease community supervision in a third case. Defendant waived his appellate rights. In accordance with the plea, the trial court sentenced defendant to the stipulated term of four years in state prison, consisting of the aggravated term of three years in case No. 21CR000650 with 229 days of presentence custody credit; a concurrent middle term of two years in case No. 21CR002360, doubled pursuant to the strike, with 228 days of presentence custody credit; and a concurrent 180 days on the violation of postconviction release supervision.

The parties received copies of the probation report before sentencing and submitted on the sentencing report except as to credits. Although the probation report recommended certain fines and fees along with direct victim restitution, the trial court did not orally impose those at sentencing. Nevertheless, the minute order indicated that fines and assessments had been ordered pursuant to the probation report. And the abstract of judgment indicated that the trial court had imposed the following in both cases: a $600 restitution fine (§ 1202.4, subd. (b)), a $600 parole revocation fine (§ 1202.45), an $80 court operations assessment (§ 1465.8), a $60 conviction assessment (Gov. Code, § 70373), and a $39 crime prevention fund fine plus assessments (§ 1202.5, subd. (a)). The abstract of judgment also reflected a $1,964.60 order of direct victim restitution.

---

[1] Undesignated statutory references are to the Penal Code.

Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Our review of the record revealed that the sentencing minute order and abstract of judgment incorrectly included an order of direct victim restitution along with fines and assessments that were not orally imposed by the trial court at sentencing.

The oral imposition of sentence constitutes the judgment in an action, and the minute order or abstract of judgment cannot add anything substantive to the oral pronouncement. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385; see *id.* at pp. 387-388.) Because the fines, assessments, and direct victim restitution were not orally imposed, they should not appear on the minute order or abstract of judgment.

The criminal conviction assessment and court operations assessment are mandated, and the trial court's failure to impose them without a finding that might excuse imposition resulted in an unauthorized sentence. (*People v. Woods* (2010) 191 Cal.App.4th 269, 272.) Similarly, although the trial court may exercise discretion not to impose a restitution fine under section 1202.4 if it "finds compelling and extraordinary reasons for not doing so and states those reasons on the record" (§ 1202.4, subd. (b), see § 1202.45), the trial court made no such findings here. The trial court was also required to order direct victim restitution as appropriate but did not do so. (Cal. Const., art. 1, § 28, subd. (b); see also § 1202.4, subd. (f).) Because the amounts for the

restitution fines and direct victim restitution are within the trial court's discretion, we will remand the matter to allow the trial court to exercise its discretion. (*People v. Zackery*, *supra*, 147 Cal.App.4th at p. 389.)

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The case is remanded for a limited resentencing. The trial court is directed to consider and orally impose fines and assessments and direct victim restitution as appropriate. The judgment is otherwise affirmed.


          /S/
         MAURO, J.


We concur:


/S/
ROBIE, Acting P. J.


/S/
KRAUSE, J.